## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **BLACK HILLS MEDIA, LLC,** | Civil Action No. _____ |
| *Plaintiff,* | **JURY TRIAL DEMANDED** |
| **v.** | |
| **SHARP CORPORATION and SHARP ELECTRONICS CORPORATION,** | |
| *Defendants.* | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Black Hills Media, LLC ("Black Hills" or "Plaintiff") in support of its Complaint against Sharp Corporation ("Sharp Corp."), and Sharp Electronics Corporation ("Sharp Electronics") (collectively, "Sharp" or "Defendants") states and alleges as follows:

### THE PARTIES

1.     Plaintiff, Black Hills, is a privately held Delaware limited liability company with a principal place of business at 1000 N. West St., Wilmington, Delaware and business offices at 7011 Fayetteville Road, Durham, North Carolina.

2.     Sharp Corp. and Sharp Electronics are an interrelated group of companies.

3.     Sharp Corp. is a corporation existing under the laws of Japan with its principal place of business in Osaka, Japan. Sharp Corp. is in the business of developing, manufacturing, selling and distributing digital media devices.

4017

4.     Sharp Electronics is a New York corporation with a principal place of business in Mahwah, NJ. Sharp Electronics is in the business of developing, manufacturing, selling and distributing digital media devices. Sharp Electronics is a subsidiary of Sharp Corp.

## JURISDICTION AND VENUE

5.     This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§271 and 281-285.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 1338(a).

6.     Personal jurisdiction over Defendants comports with U.S. Constitution and 10 Del. C. §3104 of the Delaware Code at least because Defendants have committed and continue to commit acts of patent infringement in this district as alleged in this Complaint.

7.     Venue is proper under 28 U.S.C. §§1391(b), 1391(c) and 1400(b).

## BACKGROUND

8.     Black Hills, through assignment, owns all of the rights and interests in the United States Patent Nos. 8,028,323 ("the '323 Patent"); 8,214,873 ("the '873 Patent"); 8,230,099 ("the '099 Patent"); 8,045,952 ("the '952 Patent"); 8,050,652 ("the '652 Patent"); 6,618,593 ("the '593 Patent"); and 6,108,686 ("the '686 Patent") (collectively, the "Patents in Suit.").

9.     The '323 Patent is entitled "Method and System for Employing a First Device to Direct a Networked Audio Device to Obtain a Media Item." The '323 patent names Martin Weel as the inventor and was issued on September 27, 2011, after a full and fair examination.  A true and accurate copy of the '323 patent is attached as **Exhibit A**.

10.     The '873 Patent is entitled "Method, System and Computer-Readable Medium for Employing a First Device to Direct a Networked Audio Device to Render a Playlist." The '873

patent names Martin Weel as the inventor and was issued on July 3, 2012, after a full and fair examination. A true and accurate copy of the '873 patent is attached as **Exhibit B.**

11. The '099 Patent is entitled "System and Method for Sharing Playlists." The '099 patent names Martin Weel as the inventor and was issued on July 24, 2012, after a full and fair examination. A true and accurate copy of the '099 Patent is attached as **Exhibit C.**

12. The '952 Patent is entitled "Method and Device for Obtaining Playlist Content Over a Network." The '952 Patent names Safi Qureshey and Daniel D. Sheppard as inventors and was issued on October 25, 2011, after a full and fair examination. A true and accurate copy of the '952 Patent is attached as **Exhibit D.**

13. The '652 Patent is entitled "Method and Device for an Internet Radio Capable of Obtaining Playlist Content from a Content Server." The '652 Patent names Safi Qureshey and Daniel D. Sheppard as inventors and was issued on November 1, 2011, after a full and fair examination. A true and accurate copy of the '652 Patent is attached as **Exhibit E.**

14. The '593 Patent is entitled "Location Dependent User Matching System." The '593 patent names Charles Drutman, Darlene Drutman, Andrew Egendorf, Norton Greenfeld, and Eugene Pettinelli as the inventors and was issued on September 9, 2003, after a full and fair examination. A true and accurate copy of the '593 Patent is attached as **Exhibit F.**

15. The '686 Patent is entitled "Agent-Based On-line Information Retrieval and Viewing System." The '686 Patent names Henry R. Williams, Jr. as the inventor and was issued on August 22, 2000, after a full and fair examination. A true and accurate copy of the '686 Patent is attached as **Exhibit G.**

16. Upon information and belief, Defendants make, use, offer to sell, sell and import into the United States, including within this District, digital media devices including without

limitation digital televisions, Blu-ray disc players, and mobile telephones ("Accused Products") that infringe one or more claims of the Patents in Suit.

## COUNT I

### INFRINGEMENT OF THE '323 PATENT

17.     Plaintiff incorporates each of the preceding paragraphs as if fully set forth herein.

18.     Defendants are directly and/or indirectly infringing one or more of the claims of the '323 Patent literally, and/or under the doctrine of equivalents, by importing into the United States and/or making, using, selling, or offering for sale in the United States, including this District, the Accused Products.

19.     Exemplary infringing products for this patent include televisions and Blu-Ray players compatible with DLNA, DIAL, or other similar media sharing protocols.  For example, these products include the BDAMS20U, BDAMS10U, BDHP75U, LC-42LE540U, LC-46LE540U, LC-52LE640U, LC-60C6400U , LC-60C7450U, LC-60C8470U, LC-60LE640U, LC-60LE745U,  LC-70LE745U,  LC-60C6500U,  LC-60LE845U,  LC-70LE845U,  LC-60LE650U, LC-60LE847U, LC-70LE847U, LC-70LE650U, LC-70C6400U, LC-80LE632U, LC-70C6500U,  LC-70C7450U,  LC-80LE633U,  LC-70C8470U,  LC-80LE844U,  LC-70LE640U, LC-90LE745U and other products with similar functionality.

20.     As a developer, designer, maker and distributor of these products, as well as a holder of a significant patent portfolio in this field, Defendants knew or should have known that their products infringed on one or more claims of the '323 Patent.  Should Defendants contend that they did not have prior notice of these patents, Defendants have notification of their infringement of the '323 Patent by the filing and service of this complaint.

21.    Defendants' inducement of infringement of the '323 Patent includes, but is not limited to, actively encouraging and instructing third parties to use Defendants' products in ways that infringe the '323 Patent, including sharing media from a playlist across devices using DLNA, DIAL, and/or other similar media sharing protocols.    Defendants' products are imported, marketed, offered for sale sold and/or used in the United States.    Defendants vigorously promote, market, advertise and ship the Accused Products along with on screen display menus, directions, demonstrations, guides, manuals, training for use, user prompts, product and user manuals and other materials that are specifically intended to direct, cause, urge, encourage and facilitate others to perform acts of infringement of the '323 patent.    These actions by Defendants are intended specifically to cause (and have caused) users, including end users in this District, to directly infringe the relevant claims.

22.    Examples of instructions to cause infringement can be found at the following web links and documents, which are on information and belief maintained by Defendant:

http://www.sharpusa.com/AboutSharp/NewsAndEvents/PressReleases/2012/January/01_09_CE
S_2012_Umbrella_Release.aspx

http://files.sharpusa.com/Downloads/ForHome/HomeEntertainment/LCDTVs/Manuals/mon_ma
n_LC70LE847U_LC60LE847U_LC70LE745U_LC60LE745U_LC80LE844U.pdf

https://www.youtube.com/watch?v=zWXrDRD_THU;

23.    Defendants knew or should have known that its encouragement and instructions to third parties would result in infringement of the '323 Patent by those third parties, including end users in this District.    Defendants are thus liable for inducing infringement of the '323 Patent pursuant to 35 U.S.C. §271(b).

24.     This infringement by Defendants of the '323 Patent has injured Black Hills and will cause irreparable injury and damage in the future unless Defendants are enjoined from infringing the '323 Patent.

25.     Black Hills reserves its rights to take discovery as to the extent of Defendants' pre-suit knowledge of the '323 Patent and to allege pre-suit willfulness. Defendants' continued infringement of the '323 Patent is willful infringement.

## COUNT II

### INFRINGEMENT OF THE '873 PATENT

26.     Plaintiff incorporates by reference each of the preceding paragraphs as if set forth fully herein.

27.     Defendants are directly and/or indirectly infringing one or more of the claims of the '873 Patent literally, or under the doctrine of equivalents, by importing into the United States and/or making, using, selling, or offering for sale in the United States, including this District, the Accused Products.

28.     Exemplary infringing products for this patent include televisions and Blu-Ray players compatible with DLNA, DIAL, or other similar media sharing protocols. For example, these products include the BDAMS20U, BDAMS10U, BDHP75U, LC-42LE540U, LC-46LE540U, LC-52LE640U, LC-60C6400U , LC-60C7450U, LC-60C8470U, LC-60LE640U, LC-60LE745U, LC-70LE745U, LC-60C6500U, LC-60LE845U, LC-70LE845U, LC-60LE650U, LC-60LE847U, LC-70LE847U, LC-70LE650U, LC-70C6400U, LC-80LE632U, LC-70C6500U, LC-70C7450U, LC-80LE633U, LC-70C8470U, LC-80LE844U, LC-70LE640U, LC-90LE745U and other products with similar functionality.

29.    As a developer, designer, maker and distributor of these products, as well as a holder of a significant patent portfolio in this field, Defendants knew or should have known that their products infringed on one or more claims of the '873 Patent. Should Defendants contend that they did not have prior notice of these patents, Defendants have notification of their infringement of the '873 Patent by the filing and service of this complaint.

30.    Defendants' inducement of infringement of the '873 Patent includes, but is not limited to, actively encouraging and instructing third parties to use Defendants' products in ways that infringe the '873 Patent, including sharing media from a playlist across devices using DLNA, DIAL, and/or other similar media sharing protocols. Defendants' products are imported, marketed, used, offered for sale and/or sold in the United States. Defendants vigorously promote, market, advertise and ship the Accused Products along with on screen display menus, directions, demonstrations, guides, manuals, training for use, user prompts, product and user manuals and other materials that are specifically intended to direct, cause, urge, encourage and facilitate others to perform acts of infringement of the '873 patent. These actions by Defendants are intended specifically to cause users, including end users in the District of Delaware, to directly infringe the relevant claims.

31.    Examples of instructions to cause infringement can be found at the following web links and documents, which are on information and belief maintained by Defendant:

http://www.sharpusa.com/AboutSharp/NewsAndEvents/PressReleases/2012/January/01_09_CE S_2012_Umbrella_Release.aspx

http://files.sharpusa.com/Downloads/ForHome/HomeEntertainment/LCDTVs/Manuals/mon_ma n_LC70LE847U_LC60LE847U_LC70LE745U_LC60LE745U_LC80LE844U.pdf

https://www.youtube.com/watch?v=zWXrDRD_THU;

32.     Defendants knew or should have known that its encouragement and instructions to third parties would result in infringement of the '873 Patent by those third parties, including end users in the District of Delaware. Defendants are thus liable for inducing infringement of the '873 Patent pursuant to 35 U.S.C. §271(b).

33.     This infringement by Defendants of the '873 Patent has injured Black Hills and will cause irreparable injury and damage in the future unless Defendants are enjoined from infringing the '873 Patent.

34.     Black Hills reserves its rights to take discovery as to the extent of Defendants' pre-suit knowledge of the '873 Patent and to allege pre-suit willfulness. Defendants' continued infringement of the '873 Patent is willful infringement.

## COUNT III

## INFRINGEMENT OF THE '099 PATENT

35.     Plaintiff incorporates by reference each of the preceding paragraphs as if set forth fully herein.

36.     Defendants are directly and/or indirectly infringing one or more of the claims of the '099 Patent literally, or under the doctrine of equivalents, by importing into the United States and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, the Accused Products.

37.     Exemplary infringing products for this patent include televisions and Blu-Ray players compatible with DLNA, DIAL, or other similar media sharing protocols. For example, these products include the BDAMS20U, BDAMS10U, BDHP75U, LC-42LE540U, LC-46LE540U, LC-52LE640U, LC-60C6400U , LC-60C7450U, LC-60C8470U, LC-60LE640U, LC-60LE745U, LC-70LE745U, LC-60C6500U, LC-60LE845U, LC-70LE845U, LC-

60LE650U, LC-60LE847U, LC-70LE847U, LC-70LE650U, LC-70C6400U, LC-80LE632U, LC-70C6500U, LC-70C7450U, LC-80LE633U, LC-70C8470U, LC-80LE844U, LC-70LE640U, LC-90LE745U and other products with similar functionality.

38.    As a developer, designer, maker and distributor of these products, as well as a holder of a significant patent portfolio in this field, Defendants knew or should have known that their products infringed on one or more claims of the '099 Patent. Should Defendants contend that they did not have prior notice of these patents, Defendants have notification of their infringement of the '099 Patent by the filing and service of this complaint.

39.    Defendants' inducement of infringement of the '099 Patent includes, but is not limited to, actively encouraging and instructing third parties to use Defendants' products in ways that infringe the '099 Patent, including sharing media from a playlist across devices using DLNA, DIAL, and/or other similar media sharing protocols. Defendants' products are imported, used, marketed, offered for sale and/or sold in the United States. Defendants vigorously promote, market, advertise and ship the Accused Products along with on screen display menus, directions, demonstrations, guides, manuals, training for use, user prompts, product and user manuals and other materials that are specifically intended to direct, cause, urge, encourage and facilitate others to perform acts of infringement of the '099 patent. These actions by Defendants are intended specifically to cause users, including end users in the District of Delaware, to directly infringe the relevant claims.

40.    Examples of instructions to cause infringement can be found at the following web links and documents, which are on information and belief maintained by Defendant:

http://www.sharpusa.com/AboutSharp/NewsAndEvents/PressReleases/2012/January/01_09_CE S_2012_Umbrella_Release.aspx

http://files.sharpusa.com/Downloads/ForHome/HomeEntertainment/LCDTVs/Manuals/mon_ma n_LC70LE847U_LC60LE847U_LC70LE745U_LC60LE745U_LC80LE844U.pdf

https://www.youtube.com/watch?v=zWXrDRD_THU;

41.     Defendants knew or should have known that its encouragement and instructions to third parties would result in infringement of the '099 Patent by these third parties, including end users in the District of Delaware.  Defendants are thus liable for inducing infringement of the '099 Patent pursuant to 35 U.S.C. §271(b).

42.     This infringement by Defendants of the '099 Patent has injured Black Hills and will cause irreparable injury and damage in the future unless Defendants are enjoined from infringing the '099 Patent.

43.     Black Hills reserves its rights to take discovery as to the extent of Defendants' pre-suit knowledge of the '099 Patent and to allege pre-suit willfulness.  Defendants' continued infringement of the '099 Patent is willful infringement.

## COUNT IV

### PATENT INFRINGEMENT OF THE '952 PATENT

44.     Plaintiff incorporates by reference each of the preceding paragraphs as if set forth fully herein.

45.     Defendants are directly and/or indirectly infringing one or more of the claims of the '952 Patent literally, or under the doctrine of equivalents, by importing into the United States and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, the Accused Products.

46.     Exemplary infringing products for this patent include TV Model LC60LE650U and Blu-Ray Model BD-AMS20U Aquos and other products with similar functionality.

10

47.    As a developer, designer, maker and distributor of these products, as well as a holder of a significant patent portfolio in this field, Defendants knew or should have known that their products infringed on one or more claims of the '952 Patent. Should Defendants contend that they did not have prior notice of these patents, Defendants have notification of their infringement of the '952 Patent by the filing and service of this complaint.

48.    Defendants' inducement of infringement of the '952 Patent includes, but is not limited to, actively encouraging and instructing third parties to use Defendants' products in ways that infringe the '952 Patent, including utilizing an application such as Pandora to receive song playlists. Defendants' products are imported used, marketed, offered for sale and/or sold in the United States. Defendants vigorously promote, market, advertise and ship the accused products along with on screen display menus, directions, demonstrations, guides, manuals, training for use, user prompts, product and user manuals and other materials that are specifically intended to direct, cause, urge, encourage and facilitate others to perform acts of infringement of the '952 patent. These actions by Defendants are intended specifically to cause users, including end users in the District of Delaware, to directly infringe the relevant claims.

49.    Examples of such instructions can be found in the following links to the Defendants' website:

- http://www.sharpusa.com/ForHome/HomeEntertainment/LCDTV/Models/LC 60LE650U.aspx (Overview and Product Brochure)
- http://www.sharpusa.com/AboutSharp/NewsAndEvents/PressReleases/2010/S eptember/2010_09_23_Blu-ray.aspx (Article)

50.    Defendants knew or should have known that its encouragement and instructions to third parties would result in infringement of the '952 Patent by these third parties, including end users in the District of Delaware. Defendants are thus liable for inducing infringement of the '952 Patent pursuant to 35 U.S.C. §271(b).

11

51.     Upon information and belief Defendants also are contributory infringers, pursuant to 35 U.S.C. 271(c), because of sales and offers to sell within the United States of articles constituting or containing material parts of inventions claimed in at least one claim of the '952 Patent, when knowing and/or when willfully blind to the same being especially made and/or adapted for use in an infringement of these patents, and not staples articles of commerce suitable for substantial non-infringing uses. For example, at least one of the exemplary products mentioned above constitutes or contains material parts of inventions claimed in at least one claim of the '952 Patent that have no substantial non-infringing uses.

52.     This infringement by Defendants of the '952 Patent has injured Black Hills and will cause irreparable injury and damage in the future unless Defendants are enjoined from infringing the '952 Patent.

53.     Black Hills reserves its rights to take discovery as to the extent of Defendants' pre-suit knowledge of the '952 Patent and to allege pre-suit willfulness. Defendants' continued infringement of the '952 Patent is willful infringement.

## COUNT V

### PATENT INFRINGEMENT OF THE '652 PATENT

54.     Plaintiff incorporates by reference each of the preceding paragraphs as if set forth fully herein.

55.     Defendants are directly and/or indirectly infringing one or more of the claims of the '652 Patent literally, or under the doctrine of equivalents, by importing into the United States and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, the Accused Products.

56.    Exemplary infringing products for this patent include TV Model LC60LE650U and Blu-Ray Model BD-AMS20U Aquos and other products with similar functionality.

57.    As a developer, designer, maker and distributor of these products, as well as a holder of a significant patent portfolio in this field, Defendants knew or should have known that their products infringed on one or more claims of the '652 Patent.  Should Defendants contend that they did not have prior notice of these patents, Defendants have notification of their infringement of the '652 Patent by the filing and service of this complaint.

58.    Defendants' inducement of infringement of the '652 Patent includes, but is not limited to, actively encouraging and instructing third parties to use Defendants' products in ways that infringe the '652 Patent, including utilizing applications such as Pandora to receive song playlists and vTuner to receive Internet radio broadcasts.  Defendants' products are imported, used, marketed, offered for sale and/or sold in the United States after importation. Defendants vigorously promote, market, advertise and ship the Accused Products along with on screen display menus, directions, demonstrations, guides, manuals, training for use, user prompts, product and user manuals and other materials that are specifically intended to direct, cause, urge, encourage and facilitate others to perform acts of infringement of the '652 patent. These actions by Defendants are intended specifically to cause users, including end users in the District of Delaware, to directly infringe the relevant claims.

59.    Examples of such instructions can be found in the following links to the Defendants' website:

- http://www.sharpusa.com/ForHome/HomeEntertainment/LCDTV/Models/LC60LE650U.aspx (Overview and Product Brochure)
- http://www.sharpusa.com/AboutSharp/NewsAndEvents/PressReleases/2010/September/2010_09_23_Blu-ray.aspx (Article)

- http://mobile.walmart.com/m/phoenix;jsessionid=B411B990936585897A4FD
  BDA9DEBCC81#ip/Sharp-70-Class-LED-1080p-120Hz-HDTV-3.5-ultra-
  slim-LC70LE640U/20452169 (Internet radio feature)

60. Defendants knew or should have known that its encouragement and instructions to third parties would result in infringement of the '652 Patent by these third parties, including end users in the District of Delaware. Defendants are thus liable for inducing infringement of the '652 Patent pursuant to 35 U.S.C. §271(b).

61. This infringement by Defendants of the '652 Patent has injured Black Hills and will cause irreparable injury and damage in the future unless Defendants are enjoined from infringing the '652 Patent.

62. Black Hills reserves its rights to take discovery as to the extent of Defendants' pre-suit knowledge of the '652 Patent and to allege pre-suit willfulness. Defendants' continued infringement of the '652 Patent is willful infringement.

## COUNT VI

### PATENT INFRINGEMENT OF THE '593 PATENT

63. Plaintiff incorporates by reference each of the preceding paragraphs as if set forth fully herein.

64. Defendants are directly and/or indirectly infringing one or more of the claims of the '593 Patent literally, or under the doctrine of equivalents, by importing into the United States and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, the Accused Products.

65. Exemplary Accused Products include mobile smartphones with mobile data communication capability and GPS functionality with Google Latitude (either as a stand-alone

14

application or as part of Google Maps). For example, these products include the FX Plus and other products with similar functionality.

66.     As a developer, designer, maker and distributor of these products, as well as a holder of a significant patent portfolio in this field, Defendants knew or should have known that their products infringed on one or more claims of the '593 Patent. Should Defendants contend that they did not have prior notice of these patents, Defendants have notification of their infringement of the '593 Patent by the filing and service of this complaint.

67.     Defendants' inducement of infringement of the '593 Patent includes, but is not limited to, actively encouraging and instructing third parties to use Defendants' products in ways that infringe the '593 Patent. Defendants' products are imported, used, marketed, offered for sale and/or sold in the United States after importation. Defendants vigorously promote, market, advertise and ship the Accused Products along with on screen display menus, directions, demonstrations, guides, manuals, training for use, user prompts, product and user manuals and other materials that are specifically intended to direct, cause, urge, encourage and facilitate others to perform acts of infringement of the '593 patent. These actions by Defendants are intended specifically to cause users, including ender users in the District of Delaware, directly to infringe the relevant claims.

68.     Defendants' inducement of infringement of the '593 patent includes but is not limited to, providing Accused Products preinstalled with Google Latitude (within Google Maps or as a separate stand-alone application). The inclusion of Latitude on the Accused Products actively encourages the end customer to utilize and execute this Application in an infringing system. Defendants' product inserts encourage infringement as exemplified below.

69.   An example of instructions to cause infringement can be found at the following web link(s), which, on information and belief, are maintained by Defendant:

-   http://sharp-world.com/products/smartphone/fxplus/Sharp_FXplus_user_manual-en.pdf
    (FX Plus User Guide (see page 68), encouraging use of Latitude: "Latitude allows you to share your location with friends and view their locations on a map.")

70.   Defendants knew or should have known that its encouragement and instructions to third parties would result in infringement of the '593 Patent by these end users, including end users in the District of Delaware.  Defendants are thus liable for inducing infringement of the '593 Patent pursuant to 35 U.S.C. §271(b).

71.   Upon information and belief Defendants also are contributory infringers, pursuant to 35 U.S.C. 271(c), because of sales and offers to sell within the United States of articles constituting or containing material parts of inventions claimed in at least one claim of the '593 Patent, when knowing and/or when willfully blind to the same being especially made and/or adapted for use in an infringement of these patents, and not staples articles of commerce suitable for substantial non-infringing uses.  For example, at least one of the exemplary products mentioned above constitutes or contains material parts of inventions claimed in at least one claim of the '593 Patent that have no substantial non-infringing uses.

72.   This infringement by Defendants of the '593 Patent has injured Black Hills and will cause irreparable injury and damage in the future unless Defendants are enjoined from infringing the '593 Patent.

73.   Black Hills reserves its rights to take discovery as to the extent of Defendants' pre-suit knowledge of the '593 Patent and to allege pre-suit willfulness.  Defendants' continued infringement of the '593 Patent is willful infringement.

## COUNT VII

### PATENT INFRINGEMENT OF THE '686 PATENT

74.     Plaintiff incorporates by reference each of the preceding paragraphs as if set forth fully herein.

75.     Defendants are directly and/or indirectly infringing one or more of the claims of the '686 Patent literally, or under the doctrine of equivalents, by importing into the United States and/or making, using, selling, or offering for sale in the United States, including the District of Delaware, the Accused Products.

76.     Exemplary infringing products for this patent include TV Model LC60LE650U and Blu-Ray Model BD-AMS20U Aquos and other products with similar functionality.

77.     As a developer, designer, maker and distributor of these products, as well as a holder of a significant patent portfolio in this field, Defendants knew or should have known that their products infringed on one or more claims of the '686 Patent.  Should Defendants contend that they did not have prior notice of these patents, Defendants have notification of their infringement of the '686 Patent by the filing and service of this complaint.

78.     Defendants' inducement of infringement of the '686 Patent includes, but is not limited to, actively encouraging and instructing third parties to use Defendants' products in ways that infringe the '686 Patent, including utilizing an application such as Pandora to provide local users with information stored remotely on a network.  Defendants' products are imported, used, marketed, offered for sale and/or sold in the United States.  Defendants vigorously promote, market, advertise and ship the Accused Products along with on screen display menus, directions, demonstrations, guides, manuals, training for use, user prompts, product and user manuals and other materials that are specifically intended to direct, cause, urge, encourage and

facilitate others to perform acts of infringement of the '686 patent. These actions by Defendants are intended specifically to cause users, including end users in the District of Delaware, to directly infringe the relevant claims.

79.    Examples of such instructions can be found in the following links to the Defendants' website:

- http://www.sharpusa.com/ForHome/HomeEntertainment/LCDTV/Models/LC60LE650U.aspx (Overview and Product Brochure)
- http://www.sharpusa.com/AboutSharp/NewsAndEvents/PressReleases/2010/September/2010_09_23_Blu-ray.aspx (Article)

80.    Defendants knew or should have known that its encouragement and instructions to third parties would result in infringement of the '686 Patent by these third parties, including end users in the District of Delaware. Defendants are thus liable for inducing infringement of the '686 Patent pursuant to 35 U.S.C. §271(b).

81.    Upon information and belief Defendants also are contributory infringers, pursuant to 35 U.S.C. 271(c), because of sales and offers to sell within the United States of articles constituting or containing material parts of inventions claimed in at least one claim of the '686 Patent, when knowing and/or when willfully blind to the same being especially made and/or adapted for use in an infringement of these patents, and not staples articles of commerce suitable for substantial non-infringing uses. For example, at least one of the exemplary products mentioned above constitutes or contains material parts of inventions claimed in at least one claim of the '686 Patent that have no substantial non-infringing uses.

82.    This infringement by Defendants of the '686 Patent has injured Black Hills and will cause irreparable injury and damage in the future unless Defendants are enjoined from infringing the '686 Patent.

83.     Black Hills reserves its rights to take discovery as to the extent of Defendants'
pre-suit knowledge of the '686 Patent and to allege pre-suit willfulness. Defendants' continued
infringement of the '686 Patent is willful infringement.

## REQUESTS FOR RELIEF

WHEREFORE, Black Hills respectfully requests that judgment be entered in its favor
and against Defendants as follows:

a.     That Defendants have directly and/or indirectly infringed the '323, '873, '099,
'952, '652, '593, and '686 Patents, literally and/or under the doctrine of equivalents;

b.     That Defendants and their respective agents, servants, officers, directors,
employees, and all persons acting in concert with them, directly or indirectly, be temporarily and
permanently enjoined from infringement of the '323, '873, '099, '952, '652, '593, and '686
Patents;

c.     That Defendants be ordered to account for and pay to Black Hills the damages to
which Black Hills is entitled as a result of the infringement of the '323, '873, '099, '952, '652,
'593, and '686 Patents, together with interest and costs;

d.     That a post-judgment equitable accounting of damages be ordered for the period
of infringement of the '323, '873, '099, '952, '652, '593, and '686 Patents;

e.     That Black Hills be awarded all other damages permitted by 35 U.S.C. §284,
including increased damages up to three times the amount of compensatory damages found;

f.     That the case be deemed exceptional under 35 U.S.C. § 285 and that Black Hills
be awarded its costs and attorneys' fees; and

g.     That Black Hills be awarded any other and further relief as this Court may deem
is just and equitable.

## DEMAND FOR TRIAL BY JURY

Black Hills respectfully demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on any and all issues so triable.

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ Kevin A. Guerke
KEVIN A. GUERKE, ESQUIRE (DE 4096)
JARED T. GREEN, ESQUIRE (DE 5179)
222 Delaware Avenue, Suite 1500
Wilmington, DE  19801
kguerke@svglaw.com
jtgreen@svglaw.com
(302) 888-0600

and

H. Joseph Hameline, Esquire
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel: 617-542-6000
JHameline@mintz.com

Howard Wisnia, Esquire
James Conley, Esquire
John Giust, Esquire
Arun Goel, Esquire
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel: 858-314-1500
Hwisnia@mintz.com
JConley@mintz.com
JGiust@mintz.com
agoel@mintz.com

Peter Snell, Esquire
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY AND POPEO, P.C.
Chrysler Center
666 Third Avenue
 New York, NY 10017
 Tel: 212.935.3000
PSnell@mintz.com

Attorneys for Black Hills Media, LLC.

Dated:  May 6, 2013